## Booth v. Pennsylvania Railroad Voluntary Relief Department

*Harold W. Houck* and *Albert Houck*, for plaintiff.

*Robert Stuckenrath*, for defendant.

*Harold W. Houck,* for additional defendant Bertha Kathryn Smith.

*Harry L. Siegel* and *Robert Siegel,* for additional defendant Samuel H. Jubeliver.

UTTLEY, P. J., December 7, 1940.—This is an action of assumpsit brought by plaintiff against the original defendants above named, to recover the sum of $413.50 for the funeral expenses of Elmer E. Smith, husband of Bertha Kathryn Smith, and father of Eva C. Furry, Robert M. Smith, and Elmer B. Smith, the additional defendants.

Elmer E. Smith was the owner of a certificate of membership in the relief fund of the Pennsylvania Railroad Voluntary Relief Department for $5,000.

By a paper dated August 25, 1938, attached to plaintiff's statement and marked exhibit "A", Elmer E. Smith directed that the proceeds of the above relief certificate should be paid at his death as follows: a sum not to exceed $500 for his funeral expenses, with any remainder thereof to his wife, Bertha Kathryn Smith; to his wife, Bertha Kathryn Smith, $500; to his daughter, Eva C. Furry, $2,000; to his son Elmer B. Smith, $1,000, and his son Robert M. Smith, $1,000.

Elmer E. Smith died May 27, 1939, without making any change in the designation of the beneficiaries under said certificate.

Eva C. Furry, Elmer B. Smith, and Robert M. Smith, children of Elmer E. Smith, brought an action of assumpsit against the Pennsylvania Railroad Voluntary Relief Department to no. 109, June term, 1939, in the Court of Common Pleas of Blair County, for the amounts payable to them on the paper designating them as beneficiaries under the relief certificate aforesaid.

Bertha K. Smith, widow of Elmer E. Smith, having notified the Pennsylvania Railroad Voluntary Relief Department that she held an equitable assignment of a portion of said insurance or relief certificate, the said relief department petitioned the Court of Common Pleas of Blair County for a rule upon the widow and children of Elmer E. Smith to interplead in said action of assumpsit in Blair County and for permission to pay the proceeds of said relief or insurance certificate into court and be relieved from any further liability thereon.

The rule to interplead and permission to pay the money into court, as prayed for, was granted on July 31, 1939, and the money was paid into court in pursuance thereof. By a decree of the Court of Common Pleas of Blair County, dated September 25, 1939, the Pennsylvania Railroad Voluntary Relief Department was discharged from all liability to Eva C. Furry, Robert M. Smith, Elmer B. Smith, and Bertha Kathryn Smith for the proceeds of said certificate, and an issue was framed to determine the respective rights of the parties in said fund.

On November 9, 1939, Eva C. Furry, Robert M. Smith, Elmer B. Smith, Samuel H. Jubelirer, Esq., and Harold W. Houck, Esq., attorney for Bertha Kathryn Smith, filed a written stipulation in the Court of Common Pleas of Blair County to no. 109, June term, 1939, that the proceeds of said relief or insurance certificate should be paid out as follows: To Bertha Kathryn Smith $1,100, and the balance of said fund, less $100, to Eva C. Furry, Robert M. Smith, and Elmer B. Smith, the said sum of $100 to be paid to Samuel H. Jubelirer, Esq., for costs of suit and attorneys' fees. On the back of the above stipulation ap-

pears the decree of the Court of Common Pleas of Blair County, bearing even date therewith, directing the prothonotary to turn over and pay to Samuel H. Jubelirer, Esq., the sum of $5,000, less poundage fee and costs, and the said Samuel H. Jubelirer received said fund and paid out the same in accordance with the above stipulation.

No notice of the petition to interplead and for permission to pay the fund into court and of the decree made and rule issued thereon, or of the payment of the said fund into court and the payment of the same by the Prothonotary of Blair County, in pursuance of the above stipulation, through Samuel H. Jubelirer, Esq., to the parties above named, was given to or received by Ross L. Booth, plaintiff in this case, to whom the expenses for the funeral of Elmer E. Smith were due and payable.

On May 15, 1940, Ross L. Booth, the undertaker, brought this action of assumpsit against the original defendants above named, to recover the funeral expenses of Elmer E. Smith.

On July 19, 1940, the original defendants in this case presented their petition under Pa. R. C. P. 2252 (a) praying the court to join Bertha Kathryn Smith, Samuel H. Jubelirer, Esq., Eva C. Furry, Robert M. Smith, and Elmer B. Smith, as additional defendants in the above case, upon which the court made a decree directing notice to be served upon the parties above named to file an answer to the above petition within 20 days.

On August 12, 1940, Bertha Kathryn Smith, one of the additional defendants, presented her petition and made a motion under Pa. R. C. P. 2256 (a) for a rule to show cause why the action in this case should not be dismissed as to her, which motion and rule is now before us for consideration.

The motion of Bertha Kathryn Smith to dismiss the within action as to her is based upon the allegation, in her motion, that under a postnuptial agreement, thereto attached and marked exhibit "A", she had an equitable

assignment of $1,200 of the relief or insurance certificate above mentioned.

A motion to dismiss, as to an additional defendant, under rule 2256 (a), can be sustained only for some defect of form or substance in the petition for leave to join the party named as an additional defendant or the order of the court thereon, and no answer to such motion to dismiss is required by said rule. The postnuptial agreement pleaded and relied upon by Bertha Kathryn Smith, in her motion to dismiss, does not appear in the petition of the original defendant for a rule to show cause why she should not be joined as an additional defendant or in the order of the court thereon. Therefore, there is no such defect in the form or substance of the original defendant's petition or the order thereon, as alleged and relied upon by Bertha Kathryn Smith, which would warrant or justify the court, at this stage of the pleadings, in dismissing the within action as to Bertha Kathryn Smith as an additional defendant. The postnuptial agreement relied upon by Bertha Kathryn Smith is pleaded only in her motion to dismiss the action as to her, as an additional defendant, under Pa. R. C. P. 2256 (a). We cannot assume, as a fact, the existence of this agreement from the mere allegation thereof in her motion to dismiss this action as to herself. Its existence must either be proven or admitted in the pleadings before a motion to dismiss based thereon could be granted.

It is unnecessary for us, at this time, to pass upon the legal effect of the alleged postnuptial agreement in this case, because we are of the opinion, for the reasons above given, that the present motion of Bertha Kathryn Smith to dismiss this action, as to her as an additional defendant, is premature and will have to be dismissed.

### Decree

Now, December 7, 1940, after due consideration, the petition and motion of Bertha Kathryn Smith to dismiss the within action as to her, as an additional defendant,

is refused and dismissed; Bertha Kathryn Smith, additional defendant, to have 20 days from this date to answer the original defendants' petition; the costs to be taxed in and abide the final result of the case. To this opinion and decree Harold W. Houck, attorney for Bertha Kathryn Smith, excepts and a bill of exceptions is hereby sealed for her.